# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEBASTIAN JUAN PARAMO,<br><br>Plaintiff,<br><br>v.<br><br>FRESNO COUNTY JAIL, et al.,<br><br>Defendants. | **Case No. 1:14-cv-00966-MJS (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 1)**<br><br>**AMENDED PLEADING DUE IN THIRTY DAYS** |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

The Complaint is before the Court for screening.

## I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee,

or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.* at 667-68.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.   SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff, an apparent pretrial detainee, is housed at the Fresno County Jail where the events in issue occurred. He names as Defendants the Fresno County Jail, the Jail Medical Staff, and Fresno County Sheriff Margaret Mims.

Plaintiff alleges that when he was arrested and booked into the jail on April 5, 2014, he had a broken jaw and was in pain. He submitted five medical care requests during the period April 17th through May 4th. He was seen by a jail nurse on May 6, 2014. The nurse ordered x-rays that confirmed a jaw fracture. Plaintiff saw an outside specialist on May 18, 2014. He had surgery on his jaw on June 12, 2014.

Plaintiff alleges that overcrowded conditions and Defendant Mims failure to properly supervise the other Defendants delayed treatment of his broken jaw. This caused him pain, inability to sleep and eat, and weight loss for which he seeks monetary damages.

### IV.   DISCUSSION

#### A.   The Fresno County Jail is not Amenable to Suit

The Fresno County Jail, operated by the Fresno County Sheriff, is a subdivision of the County of Fresno and is not considered a "person" for purposes of § 1983. The term "persons" encompasses state and local officials sued in their individual capacities, private individuals, and entities which act under the color of state law and local governmental entities. *Vance v. Cnty. of Santa Clara*, 928 F.Supp. 993, 995–96 (N.D. Cal. 1996); see also *Brockmeier v. Solano Cnty. Sheriff's Dep't*, 2006 WL 3760276, *4 (E.D. Cal. Dec.18, 2006) (dismissing Sheriff's Department as an improperly named defendant for purposes of § 1983). Thus, Plaintiff's claim against the Fresno County Jail is not cognizable under § 1983.

**B.     The Complaint Fails to State a Claim under *Monell***

A claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom or practice . . . was the moving force behind the constitutional violation . . . suffered." *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007), citing *Monell v. Dept. of Social Services*, 436 U.S. 658, 694–695 (1978).

Plaintiff fails to allege facts demonstrating that his injuries were caused by a deliberate policy, custom or practice instituted by Fresno County. Plaintiff's Complaint fails to state a cognizable claim against Fresno County.

If Plaintiff chooses to amend, he should review the standard set forth above and determine whether he will be able to state a claim against Fresno County. If he is unable to do so, he may nevertheless try to allege claims against specific individuals in the Fresno County Jail who violated his rights.

Individuals whose identity is presently unknown may be named as "Doe" defendants but cannot be served until Plaintiff files an amendment substituting individually named individuals for the "Doe" defendants.

**C.     Supervisor Liability**

A § 1983 plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See *Monell*, 436 U.S. at 693-94 (1978).

Defendant Mims cannot be held liable under § 1983 solely because of her supervisory capacity. "Liability under [§] 1983 arises only upon a showing of personal

participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. See *Redman v. County of San Diego*, 942 F.2d 1435, 1446–47 (9th Cir. 1991).

In any amended pleading, Plaintiff must allege facts sufficient to support a finding that Defendant Mims personally violated, or knowingly directed a violation of, or knew of and failed to act to prevent a violation of, or was deliberately indifferent to an excessive risk of violation of, his constitutional rights.

### D. Deliberate Indifference

Because a pretrial detainee has not been convicted of a crime, but has only been arrested, the detainee's right to receive adequate medical care and conditions of confinement derives from the Due Process Clause of the Fourteenth Amendment rather than from the Eighth Amendment's protection against cruel and unusual punishment. *Gibson v. County of Washoe, Nevada,* 290 F.3d 1175, 1187 (9th Cir. 2002). Nonetheless, the Due Process Clause imposes, at a minimum, the same duty as imposed by the Eighth Amendment. *Id.* at 1187.

### 1. Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This requires Plaintiff to show (1) "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096, quoting *McGuckin v. Smith*,

974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997). Mere negligence is not indifference. See *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980), citing *Estelle*, 429 U.S. at 105–06 (1976).

Where a delay in treatment is alleged, the plaintiff must show it led to further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. The delay is a constitutional violation only if it caused the prisoner "substantial harm." *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).

The allegation of a broken jaw and extreme pain shows a serious need for medical attention. *Jett,* 439 F.3d at 1096; see also *Scarver v. Litscher,* 371 F.Supp.2d 986, 999 (W.D.Wis. 2005), citing *Gutierrez v. Peters,* 111 F.3d 1364, 1369 (7th Cir. 1997) ("serious medical needs" encompass conditions that are life-threatening or that carry risks of permanent serious impairment if left untreated, those that result in needless pain and suffering when treatment is withheld and those that have been diagnosed by a physician as mandating treatment).

Plaintiff asserts he repeatedly submitted requests for medical care, but was not permitted to see medical personnel for some three weeks. He claims the delay was caused by Defendants' disregard of his complaints. Such facts raise the specter of actionable indifference, but are not descriptive enough to rule out other possible causes of the delay, such as a failure by Plaintiff to submit proper requests through proper channels, simple negligence on the part of staff in transmitting the requests, reasonable failure by staff to appreciate the severity of Plaintiff's complaints, and the like.

Plaintiff will be given an opportunity to amend this claim. If he chooses to do so, he should include facts describing when, to whom and how he submitted his requests

for medical care, what he said in doing so, what, if any, responses were given to him, and any other facts he feels demonstrate that an identified or identifiable Defendant knowingly delayed or otherwise acted indifferently to his need for medically necessary care, *Toguchi v. Chung*, 391 F.3d 1051, 1058–60 (9th Cir. 2004), causing him harm.

        2.      Jail Overcrowding

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Overcrowding, combined with other factors such as violence or inadequate staffing may in some circumstances give rise to an Eighth Amendment violation. *Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 471 (9th Cir. 1989). However, Plaintiff alleges only that he was "housed in an overcrowded Jail". (ECF No. 1 at 4.) He does not explain why he believes his housing was overcrowded, how overcrowding created a risk the jail medical clinic would delay response to his serious need for medical treatment, and how Defendants were aware of this risk and knowingly indifferent to it. See *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (in determining whether a deprivation is sufficiently serious within the meaning of the Eighth Amendment, "the circumstances, nature, and duration" of the deprivation must be considered).

If Plaintiff chooses to amend, he must allege facts demonstrating that named Defendants, aware of a serious risk, knowing delayed responding to the risk. See *Wilson v. Seiter*, 501 U.S. 294, 303 (1991) (defendants must act with a sufficiently

1  culpable state of mind, i.e., "deliberate indifference.").

2  **V.   CONCLUSIONS AND ORDER**

3        The Complaint fails to state any cognizable claim. The Court will provide Plaintiff

4  with an opportunity to file an amended complaint curing the deficiencies identified by the

5  Court in this Order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

6

7        If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P.

8  8(a), but must state what each named Defendant did that led to the deprivation of

9  Plaintiff's constitutional or other federal rights, *Iqbal*, 556 U.S. at 677-78, consistent with

10 this Order. Although accepted as true, the "[f]actual allegations must be [sufficient] to

11 raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

12 Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims

13 in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

14

15       Finally, an amended complaint supersedes the original complaint, *Forsyth v.*

16 *Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567

17 (9th Cir. 1987), and must be "complete in itself without reference to the prior or

18 superseded pleading." Local Rule 220.

19       Based on the foregoing, it is HEREBY ORDERED that:

20
21       1.    The Clerk's Office shall send Plaintiff (1) a blank civil rights amended

22             complaint form and (2) a copy of his Complaint filed June 20, 2014,

23       2.    Plaintiff's § 1983 Complaint (ECF No. 1) is DISMISSED for failure to state

24             a claim upon which relief may be granted,

25       3.    Plaintiff shall file an amended complaint within thirty (30) days from

26             service of this Order, and

27
28       4.    If Plaintiff fails to file an amended complaint in compliance with this Order,

the undersigned will recommend this action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva v. Di Vittorio*, 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   July 11, 2014                    /s/ *Michael J. Seng*

                                          UNITED STATES MAGISTRATE JUDGE

9