# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEBASTIAN JUAN PARAMO,<br><br>Plaintiff,<br><br>v.<br><br>FRESNO COUNTY JAIL, et al.,<br><br>Defendants. | Case No. 1:14-cv-00966-MJS (PC)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF No. 7)**<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed on June 20, 2014 pursuant to 42 U.S.C. § 1983. The Complaint was dismissed for failure to state a claim.

The First Amended Complaint is before the Court for screening.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon

which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.* at 667-68.

## III.   FIRST AMENDED COMPLAINT

Plaintiff's First Amended Complaint can be summarized essentially as follows:

2

Plaintiff, an apparent pretrial detainee, is housed at the Fresno County Jail ("Jail') where the events in issue occurred. He names as Defendants (1) Doe # 1 Jail medical staff member, (2) the Fresno County Jail, and (3) Fresno County Sheriff Margaret Mims.

On April 5, 2014, Plaintiff was arrested and booked into the jail with a broken jaw. He submitted six medical care requests, beginning on April 17, 2014, but was not seen and examined by jail medical staff until May 8, 2014. He was then referred for surgery.

He claims the delay in responding to his medical care requests was caused by overcrowded conditions in the Jail and the indifference of Jail staff to his need for medical care.

The delay in response caused him pain, inability to sleep and eat and resulting weight loss.

He seeks monetary damages and release from overcrowded conditions of confinement.

**IV.   DISCUSSION**

    **A.   Deliberate Indifference**

Because a pretrial detainee has not been convicted of a crime, but has only been arrested, the detainee's right to receive adequate medical care and conditions of confinement derives from the Due Process Clause of the Fourteenth Amendment rather than from the Eighth Amendment's protection against cruel and unusual punishment. *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1187 (9th Cir. 2002). Nonetheless, the Due Process Clause imposes, at a minimum, the same duty as imposed by the Eighth Amendment. *Id.* at 1187.

        1.   Medical Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment,

an inmate must show deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This requires Plaintiff to show (1) "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096, quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997). Mere negligence is not indifference. See *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980), citing *Estelle*, 429 U.S. at 105-06 (1976).

Where a delay in treatment is alleged, the plaintiff must show it led to further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. The delay is a constitutional violation only if it caused the prisoner "substantial harm." *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).

Plaintiff has sufficiently claimed a serious medical need. He alleges that he arrived at the jail with a painfully broken jaw that interfered with his daily activities. *Jett*, 439 F.3d at 1096.

Plaintiff also alleges a significant and painful delay in responding to his requests for medical service. That is sufficient to suggest indifference. However, he does not show or even suggest that any named Defendant participated in, directed, or knew of or failed to prevent the delay in medical care. The previous screening order instructed Plaintiff to

> [I]nclude facts describing when, to whom and how he submitted his requests for medical care, what he said in doing so, what, if any, responses were given to him, and any other facts he feels demonstrate that an identified or identifiable Defendant knowingly delayed or otherwise acted indifferently to his need for

> medically necessary care, *Toguchi v. Chung*, 391 F.3d 1051, 1058–60 (9th Cir. 2004), causing him harm.

ECF No. 6 at 6:27-7:5. Plaintiff did not do so in his amended pleading. He does not state a cognizable medical indifference claim against the Defendants.

If Plaintiff believes that Doe # 1 is responsible for the delay, he must include in any amended pleading the facts which he believes support the claim and, if he cannot identify Doe # 1 by name, describe him or her and his/her duty to act.

Eventually, Plaintiff will have to discover the identity of and personally name Doe # 1. A Doe defendant cannot be served unless and until the plaintiff names him or her in an amended pleading. *Robinett v. Correctional Training Facility*, No. C 09-3845 SI (pr), 2010 WL 2867696, *4, (N.D. Cal. July 20, 2010). The burden remains on Plaintiff to promptly discover the full name of Doe # 1. The Court will not undertake to investigate the names and identities of unnamed defendants. *Id.*

In summary, in any amended pleading, Plaintiff must state specifically what each Defendant should have done and did or did not do that denied, delayed or interfered with his medical care. He must also personally identify Doe # 1 before this individual can be served and made a party to the action.

### 2. Overcrowding

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 847(1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Overcrowding and resultant inadequate staffing may in some circumstances give rise to an Eighth Amendment violation. *Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 471 (9th Cir. 1989). However, Plaintiff's assertion that overcrowding caused the alleged delay in medical response appears simply to reflect his opinion and conclusion; it is unsupported by any facts. Plaintiff does not identify the nature and extent of jail overcrowding. He does not explain why he believes overcrowding delayed his care and how this was so.

Additionally, Plaintiff does not connect or link any Defendant to overcrowding and understaffing of the jail medical clinic. He does not demonstrate that any Defendant was aware of a risk of medical clinic treatment delays from overcrowding and then failed to respond to the risk. See *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (in determining whether a deprivation is sufficiently serious within the meaning of the Eighth Amendment, "the circumstances, nature, and duration" of the deprivation must be considered).

Plaintiff has not stated a cognizable conditions of confinement claim arising from Jail overcrowding. If Plaintiff chooses to amend, he must allege facts demonstrating that named Defendants, aware of overcrowding creating a serious risk of delayed medical response, knowing failed to respond to the risk. See *Wilson v. Seiter*, 501 U.S. 294, 303 (1991) (defendants must act with a sufficiently culpable state of mind, i.e., "deliberate indifference.").

**B.     No Claim Against The Fresno County Jail**

Plaintiff was previously advised that the Jail cannot be sued under § 1983. However, Plaintiff has again named the Jail as a Defendant. Plaintiff's claim against the Jail fails. Plaintiff is referred to the prior screening order, (ECF No. 6) for the specific

reasons why this is so.

### C. No Claim Against Fresno County

Plaintiff was previously advised that he could not claim against Fresno County, operator of the Jail, unless his injuries were caused by a deliberate policy, custom or practice instituted by Fresno County. Plaintiff again fails to allege any Fresno County policy, custom, or practice. Plaintiff's claim against Fresno County fails. Plaintiff is referred to the prior screening order, (ECF No. 6) for the specific reasons why this is so.

### D. No Claim Against Sheriff Mims

Plaintiff was previously advised that Defendant Sheriff Mims cannot be held liable under § 1983 solely because of her supervisory capacity; that he must allege an actual connection or link between the actions of Sheriff Mims and a violation of his rights. Plaintiff again fails to allege facts that Sheriff Mims participated in or directed a violation of his rights, or that she knew of the violation and failed to prevent it, or that she was deliberately indifferent to an excessive risk of violation of his constitutional rights.

Plaintiff's claim against Sheriff Mims fails. He is referred to the prior screening order, (ECF No. 6) for the specific reasons why this is so.

## V. CONCLUSIONS AND ORDER

The First Amended Complaint fails to state any cognizable claim. The Court will provide Plaintiff with **one final** opportunity to file an amended complaint that cures noted deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, *Iqbal*, 556 U.S. at 677-78, consistent with this Order. Although accepted as true, the "[f]actual allegations must be [sufficient] to

raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Finally, an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his First Amended Complaint filed July 28, 2014,

2. Plaintiff's First Amended Complaint (ECF No. 7) is DISMISSED for failure to state a claim upon which relief may be granted,

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this Order, and

4. If Plaintiff fails to file an amended complaint in compliance with this Order, the undersigned will recommend the action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva v, Di Vittorio*, 658 F.3d 1090, 1098 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   August 29, 2014           /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28