# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEBASTIAN JUAN PARAMO,<br><br>Plaintiff,<br><br>v.<br><br>FRESNO COUNTY JAIL, et al.,<br><br>Defendants. | Case No. 1:14-cv-00966-MJS (PC)<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROVIDE A CURRENT ADDRESS AND FAILURE TO PROSECUTE**<br><br>**CLERK TO CLOSE CASE** |

Plaintiff is a former pretrial detainee proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On September 30, 2014, the Court screened Plaintiff's second amended complaint (ECF No. 9), found that it stated a cognizable claim, and ordered Plaintiff to complete and return service documents to the Court within thirty days. (ECF No. 10.) On October 14, 2014, the Court's screening order was returned as undeliverable. Plaintiff has not responded to the Court's screening order or provided the court with his current address.

Local Rule 183(b) requires a party proceeding pro se to keep the Court apprised of his current address: "If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

Further, District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . .

1

dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use.

Plaintiff has not responded to the Court's orders or provided a current address. Accordingly, it is HEREBY ORDERED THAT:

1. This action is DISMISSED WITHOUT PREJUDICE, based on Plaintiff's failure to provide a current address and failure to prosecute, and

2. The Clerk of the Court shall terminate any and all pending motions and CLOSE the case.

IT IS SO ORDERED.

Dated: December 30, 2014        /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE